UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|                              ) | |
|     Plaintiff,               ) | Criminal Action No. 2: 11-01(02)-DCR |
|                              ) | |
| V.                           ) | |
|                              ) | |
| RASHARD D. ROSS,             ) | **MEMORANDUM OPINION** |
|                              ) | **AND ORDER** |
|     Defendant.               ) | |

*** *** *** ***

This matter is pending for consideration of whether the Court should equitably toll the time period for Defendant Rashard D. Ross to file a Notice of Appeal. [Record No. 99] Ross seeks to challenge the Court's November 18, 2014 Memorandum Opinion and Order [Record No. 98] denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). The deadline for Ross' Notice of Appeal was December 2, 2014. *See* FED. R. APP. P. 4(b) and 26(a). However, the notice was filed on March 23, 2015,[1] over four months after the Court entered the Memorandum Opinion and Order denying his § 3582 motion. [Record Nos. 98, 99]

---

[1] The Notice of Appeal is dated March 23, 2015, and docketed March 27, 2015. Under the mailbox rule, the effective filing date becomes March 23, 2015. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (A prisoner's *pro se* notice of appeal is deemed filed when delivered to prison authorities for forwarding to the court clerk). The Sixth Circuit, however, noted that the accompanying envelope is postmarked March 24, 2015. [Record No. 105, p. 1] Regardless of the delivery date, the Court's ruling on the issue of equitable tolling would not change.

On appeal, the government moved to dismiss Ross' appeal for Ross' failure to comply with Rule 4(b) of the Federal Rules of Appellate Procedure. *United States v. Ross*, No. 15-5326 (6th Cir. 2015). [Record No. 7, therein] The defendant filed a response in opposition to the motion to dismiss [Record No. 11, therein], and subsequently filed supplemental responses. [Record No. 12, therein; Record No. 107 of this Court's docket] On October 2, 2015, the Sixth Circuit denied the government's motion to dismiss and remanded the matter to this Court "for the sole purpose of determining whether Ross's time period for filing a notice of appeal should be equitably tolled." *United States v. Ross*, No. 2:11-cr-00001-DCR-JGW (E.D. Ky. 2011). [Record No. 105] Having reviewed the issue presented, the Court concludes that Ross has failed to satisfy the standard set out in *Holland v. Florida*, 560 U.S. 631, 649 (2010), regarding equitable tolling. As a result, the Court will not toll the time period for the filing of Ross' Notice of Appeal.

**I.**

Under Rule 4(b)(1) of the Federal Rules of Appellate Procedure, a defendant's Notice of Appeal must be filed in the district court within 14 days after entry of the order being appealed. FED. R. APP. P. 4(b)(1)(A)(i). Under Rule 4(b)(4), a defendant may obtain an extension by showing excusable neglect or good cause. But this Rule only allows the Court to extend the time to file a Notice of Appeal for a period of 30 days from the expiration of the prescribed time. However, the time for filing a Notice of Appeal may be equitably tolled if the defendant demonstrates that he has been "pursuing his rights diligently" *and* that some "extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "Alternatively, a

petitioner may also be eligible for equitable tolling if he demonstrates actual innocence . . ." *Patterson v. Lafler*, 455 F. App'x 606, 609 (6th Cir. 2012). Here, Ross does not claim actual innocence as a basis for equitable tolling. As a result, the Court will only analyze his arguments under the standard set out in *Holland*.

As an initial matter, the Court notes that the doctrine of equitable tolling is applied sparingly. *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006). It is generally applicable "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted). In addition, the burden is on the one requesting equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

In *Miller v. Collins*, 305 F.3d 491, 495–96 (6th Cir. 2002), the Sixth Circuit held that the one-year statute of limitations was tolled where the defendant-petitioner filed an untimely habeas petition because he did not receive notice of the state appellate court's denial of his Rule 26(B) application until nearly six months after the decision was rendered. The Court reasoned that, "[w]hile in the normal course a petitioner who claims he did not receive a copy of a state court's decision may face obstacles in supporting his account, we are satisfied that in the present case, Miller has adequately demonstrated that he did not, in fact, receive a copy of the Ohio Court of Appeals' order and thus lacked knowledge of its decision." *Id.* at 495. The court found that where the petitioner swore under penalty of perjury to his failure to receive notice and filed a motion to proceed to judgment asking the court to rule on his

application, he established an extraordinary circumstance preventing him from filing a timely notice of appeal. *Id.* at 496. Further, the State of Ohio did not question his account. *Id.*

In addition, the court reasoned that the petitioner "acted diligently to protect his rights both before and after receiving notice." *Id.* This was evidenced by the fact that he filed the motion to proceed to judgment on the Rule 26(B) application. Even though this motion was filed nine months after the petitioner initially filed his application, the court considered the delay to be reasonable because the petitioner's sufficiency of the evidence appeal had taken five months. *Id.* Moreover, the petitioner acted promptly after receiving notice of the state appellate court's decision by filing a motion for relief and then petitioning the Ohio Supreme Court for review. *Id.* As a result, the statute of limitations was tolled from the date of the state appellate court's decision to the date the petitioner received notice of that decision. *Id.*

## II.

The Memorandum Opinion and Order denying Ross' motion for relief under 18 U.S.C. § 3582(c) was mailed to him on November 18, 2014. [Record No. 98] However, Ross asserts that this Court should toll the period during which he was required to file his Notice of Appeal because he claims that he did not receive notice of this Court's denial of his motion for a sentence reduction until March 21, 2015. Specifically, Ross asserts that the Memorandum Opinion and Order may not have been properly delivered because: (i) he was in the process of being transferred to the Federal Correctional Institution ("FCI") in Ashland; (ii) "mail becomes problematic" during the holidays; or (iii) "it simply got lost." *Ross*, No. 15-5326. [Record No. 11, p. 1, therein] In its response, the United States argues that Ross

has not presented sufficient evidence to support these allegations. *Id.* [Record No. 7, p. 3, therein]

### A.     Extraordinary Circumstances

#### 1.     Transfer to Ashland

Ross contends that his transfer to the FCI in Ashland, Kentucky is an "extraordinary circumstance" that prevented him from filing a timely Notice of Appeal. *Ross*, No. 2:11-cr-00001-DCR-JGW. [Record No. 107] However, Ross has not shown that he was transferred to the new facility between November 18, 2014 and March 21, 2015, when he allegedly received the notification. In fact, when the defendant filed his § 3582 motion on November 14, 2014, his address was listed as the FCI in Forrest City, Arkansas. *Ross*, No. 2:11-cr-00001-DCR-JGW. [Record No. 95-1] And when he filed his Notice of Appeal on March 23, 2015, he had the same return address. [Record No. 99-2] Further, Bureau of Prisons officials have indicated that Ross was not transferred from FCI Forrest City until June 11, 2015, and that he arrived at FCI Ashland on July 1, 2015. *Id.* [Record No. 108, p. 3] This corresponds with Ross' supplemental letter regarding a change of address, filed on July 15, 2015. *Ross*, No. 15-5326. [Record No. 9, therein]

Based on the information provided, the Court concludes that Ross' transfer to Ashland, Kentucky did not occur until June 2015. While it is possible that another transfer might have occurred during this timeframe, Ross has failed to satisfy his burden by presenting any evidence of such a transfer.

Moreover, Ross' claims of "proof" are refuted by the record, reducing the credibility of his assertions. For instance, he asserts that he only received notification of the denial of

his § 3582 motion by inquiring with the Court regarding its status on March 12, 2015. *Ross*, No. 15-5326. [Record No. 11, p. 2, therein] While Ross attaches the letter that he purportedly sent, the Clerk of the Court never filed such a document in the record, even though that is the office's general practice. *Ross*, No. 2:11-cr-00001-DCR-JGW. [Record No. 108, p. 3; *see* Local Rule 5.2(a).] Further, there is no record of a response by the Clerk to this phantom letter. If Ross had received a response from the Court on March 21, 2015, he could have attached the envelope and letter to his Notice of Appeal, as proof of his allegations. Likewise, he could have attached these materials to his supplemental briefs, which purported to show problems with the mail. *Id.* [*See, e.g.*, Record No. 107.]

The present action is unlike *Miller* where the record reflected that the petitioner filed a motion to proceed to judgment, suggesting that he was unaware of the state court's decision. 305 F.3d at 496. Because Ross has presented only dubious assertions that he was transferred from Forrest City to Ashland during the time the Court's Memorandum Opinion and Order was mailed to him, he has failed to establish an extraordinary circumstance warranting equitable tolling.

### 2. Alleged Problems with the Mail

Ross also asserts that "the mail becomes problematic during the end of year with holidays" or that the mailed Memorandum Opinion and Order "simply got lost." *Ross*, 15-5326. [Record No. 11, therein] These bare allegations do not constitute *evidence* of an extraordinary circumstance preventing Ross' awareness of the Court's denial of his motion. However, Ross attempts to present evidence of problems with the mail in his supplemental briefs.

In his first supplemental letter, Ross claims that he received a notice of abeyance in mid-August, while he was at Ashland, and that it took over a month to get to him. *Ross*, No. 15-5326. [Record No. 12, therein]  He also contends that the stamped received-date at FCI Forrest City was August 10, 2015, even though the Clerk for the Sixth Circuit mailed the letter to that address on July 8, 2015. *Id.* [*See* Record No. 8, therein.] Ross asserts that the envelope is attached, but it is not. Because Ross has failed to provide evidence that the letter took "33 days to get from the Sixth Circuit to F.C.I. Forrest City," he has not established that this particular delay constitutes evidence of a problem with the mail. *Id.* [Record No. 12, therein]

However, Ross' letter does bring to the Court's attention a problem with the mail's arrival at FCI *Ashland*. A clerk for the Sixth Circuit mailed Ross' notice of abeyance on July 8, 2015, to Forrest City, but he or she had to re-mail the letter one week later because Ross updated his mailing address to Ashland. *Id.* [Record Nos. 8, 9, 10, therein]  While the record establishes a slight delay in mailing, it does not support Ross' argument for equitable tolling. The clerk responded to Ross' change-of-address letter within two days of receiving it. As a result, the error was corrected within one week of the original mailing date. If anything, the record reflects the defendant's responsibility to update his mailing address. In addition, Ross' transfer in June/July 2015 explains the mailing delay regarding the notice of abeyance, but he has presented no evidence of such a transfer from November 2014 to March 2015.

In his second supplemental letter, Ross points to another potential problem with the mail. *Ross*, No. 2:11-cr-00001-DCR-JGW. [Record No. 107] On August 3, 2015, the Court

- 7 -

denied Ross' motion for reconsideration of his § 3582 motion. *Id.* [Record No. 103] Eleven days later, the mail was returned as "undeliverable." *Id.* [Record No. 104] On October 2, 2015, the Clerk at Covington re-mailed the decision to Ross' updated address. While this constitutes evidence of a mailing delay, it does not support Ross' argument that there was any delay associated with mailing the denial of his § 3582 motion. Again, Ross' June/July 2015 transfer provides a reason for the delay in the mailing of the Court's denial of his motion to reconsider. On the other hand, Ross has offered no evidence of a transfer during the relevant time period for the denial of his § 3582 motion.

Moreover, Ross' argument is undercut by the fact that the record clearly reflected the two mailing delays discussed in his supplemental letters, but it did *not* reflect a problem with the § 3582 motion. In summary, Ross' supplemental briefs fail to establish an extraordinary circumstance preventing him from filing his Notice of Appeal in a timely manner.

### B.   Diligent Pursuit of Rights

Even if Ross had carried his burden with respect to the "extraordinary circumstance" prong of the Court's analysis, the Court still would not toll the period for filing because he has not demonstrated that he diligently pursued his rights during the relevant time period. The defendant waited nearly four months before purportedly asking the Court about the status of his case on March 12, 2015. *Ross*, No. 15-5326. [Record No. 11, p. 2, therein] Under *Miller*, the Court evaluates the reasonableness of the defendant's inaction from the litigant's perspective. 305 F.3d 491, 496 (6th Cir. 2002). In *Miller*, the court found that a nine-month period of inaction was not unreasonable where a prior appeal had taken the court five months to resolve.

Here, however, the defendant's point of reference should have given him an expectation that the Court would render a decision in substantially less than four months. For example, the Court decided Ross' first § 3582 motion on the day it was filed.[2] *Ross*, No. 2:11-cr-00001-DCR-JGW. [Record Nos. 91, 92] Subsequently, when the defendant filed a motion to appoint counsel, the Court denied the motion promptly (i.e., within three days). *Id.* [Record Nos. 93, 94] Further, when Ross filed the second § 3582 motion, along with a motion to appoint counsel for that issue, the Court decided the counsel issue on the same day. [Record Nos. 95, 96, 97] While the issues decided by the Court in these instances were less complex than the issue presented in the second § 3582 motion, Ross' reference point was a response time of one to three days, not including mailing time. Thus, it was unreasonable for him to wait 118 days before contacting the Court about the decision on his second § 3582 motion.

In addition, Ross has not demonstrated that he actually contacted the Court by mail on March 12, 2015.[3] Therefore, he has not shown that he pursued his rights in *any way* before filing the untimely Notice of Appeal, much less that he pursued them diligently.

### III.

Ross has failed to carry his burden under *Holland v. Florida*, 560 U.S. 631, 649 (2010). He has not presented credible evidence of an extraordinary circumstance that

---

[2] Ross filed two motions for a sentence reduction under 18 U.S.C. § 3582. [Record Nos. 91, 95] The first was denied as premature. [Record No. 92] The second motion is the one that generated the Notice of Appeal.

[3] Again, in his Notice of Appeal, Ross attached the March 12th letter that he purportedly sent to the Clerk at Covington, but the record does not reflect that this letter was received or that it initiated a response from the Court.

prevented him from filing a timely Notice of Appeal. Likewise, Ross has not demonstrated that he has diligently pursued his rights regarding appeal of the § 3582 motion. Accordingly, it is hereby

**ORDERED** as follows:

1. The period for Defendant Rashard D. Ross to file his Notice of Appeal [Record No. 99] will not be equitably tolled.

2. To the extent that the Notice of Appeal [Record No. 99] is construed as a motion to file an untimely appeal, that request is **DENIED**.

3. The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion and Order to the Clerk of Court for the United States Court of Appeals for the Sixth Circuit.

This 6th day of November, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge