UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 11-01-DCR |
| V. | ) | |
| RASHARD D. ROSS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Rashard Ross is currently serving a 74-month sentence imposed following his guilty plea to possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Record Nos. 3; 89] The sentencing hearing was held, and Judgment was entered, on September 1, 2011. [Record No. 89] On August 25, 2014, Ross filed a *pro se* motion to reduce his sentence under 18 U.S.C. § 3582. [Record No. 91] That motion was denied, without prejudice, as premature. [Record No. 92] On November 14, 2014, Ross filed a second motion to reduce his sentence under 18 U.S.C. § 3582. [Record No. 95] However, the undersigned concluded that a reduced sentence was not appropriate for the reasons outlined in the Memorandum Opinion and Order filed November 18, 2014. [Record No. 98]

In March 2015, Ross filed an untimely Notice of Appeal. [Record No. 99] The United States moved to dismiss the appeal based on Rule 4 of the Federal Rules of Appellate Procedure. Thereafter, the Sixth Circuit remanded the matter to this Court to determine whether equitable tolling should apply to Ross' late Notice of Appeal. [Record No. 105]

After considering the parties' arguments, the Court determined that Ross failed to: (i) establish that extraordinary circumstances preventing him from filing a timely Notice of Appeal; and (ii) demonstrate that he diligently pursued his rights. [Record No. 110, pp. 8−9]

While the issue of equitable tolling was pending, Ross filed a motion to reconsider with respect to his second motion for a sentence reduction under 18 U.S.C. § 3582. [Record No. 102] That motion was denied because Ross did not point to any error in the Court's analysis or raise any arguments warranting relief. [Record No. 103]

This matter is now pending for consideration of two *pro se* motions filed by Ross on December 21, 2015. First, Ross has moved the undersigned to recuse from further participation in the case. [Record No. 111] Second, Ross has again asked for reconsideration of the Court's earlier ruling. [Record No. 112] Because the Court previously reconsidered Ross' motion for a reduction of his sentence under § 3582 [Record Nos. 102; 103], the current motion will be construed as a request for reconsideration of the Court's November 6, 2015, Memorandum Opinion and Order regarding Ross' untimely Notice of Appeal. [Record No. 110] Further, the "Affidavit" Ross attached to his motion for reconsideration refers to problems with the mail, which are relevant for a determination of the timeliness of his Notice of Appeal. [Record No. 112-1]

In his motion for disqualification, Ross contends that the undersigned should recuse because of alleged personal bias. [Record No. 111, p. 2] For support, Ross relies on the Court's Memorandum Opinion and Order denying his motion for a sentence reduction. [Record No. 98] Specifically, he asserts that the opinion: (i) referred to him as a "menace to society;" (ii) stated that, if released, he would likely violate the law by selling drugs in the

undersigned's home community; and (iii) informed him that he should consider himself lucky for receiving a short sentence. [Record No. 111, pp. 1–2] The defendant also alleges that the opinion inaccurately characterizes his probation violations. [*Id.*, p. 1]

Recusal under 28 U.S.C. § 455(b)(1) is only appropriate where the prejudice alleged is "personal, or extrajudicial." *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Id.* at 319–20. As an initial matter, the Court notes that the Memorandum Opinion and Order [Record No. 98] does not support Ross' first three allegations. However, even assuming Ross' contentions were true, they would not support a request for recusal based on a claim of personal bias. Ross has not pointed to any extrajudicial source for the undersigned's alleged "deep-seated antagonism." [Record No. 111, p. 2] Furthermore, the comments ascribed to the undersigned relate to sentencing factors which must be considered under 18 U.S.C. § 3553(a). For instance, they highlight Ross' recidivist nature, the need for deterrence, and the severity of Ross' offenses.

Ross does not describe how the Court allegedly mischaracterized his prior violations of supervision. However, review of the prior Memorandum Opinion and Order denying his motion for a sentence reduction reflects that the Court accurately explained Ross' earlier conduct and violations. [*See* Covington Criminal Action No. 2: 99-32, Record Nos. 139; 141, therein.] In short, because Ross cannot demonstrate any personal bias, recusal is not appropriate.

Likewise, Ross fails to point to any fault in the Court's analysis on the issue of equitable tolling regarding his motion for reconsideration. In addition, no argument raised in

this motion or in Ross' responses to the United States' motion to dismiss convince the undersigned that equitable tolling applies. While Ross has attached an affidavit [Record No. 112-1] in support of his allegation that he did not receive notification of the Court's decision on his second § 3582 motion [Record No. 98] until March 12, 2015, he has not attached any further evidence to support his claim, and the record contradicts it.

The Court has also considered relevant arguments raised in Ross' motion for disqualification and the attached "Reply to Government's Response to Appellate Court's Order." [Record No. 111, pp. 2–3] First, Ross avers that he should have been given the opportunity to reply to the United States' "Response" [Record No. 108] regarding equitable tolling. [Record No. 111, p. 2] While this brief was labeled a "Response," it was in fact a "reply" to the defendant's "Response in Opposition" to the United States' motion to dismiss. [*See United States v. Ross*, No. 15-5326, Record No. 11, therein.] Second, Ross notes problems with the mail in support of his allegation that he did not receive notice of the Court's opinion concerning his § 3582 motion. [Record No. 111, p. 4] These problems were already previously in the Court's Memorandum Opinion and Order. [Record No. 98, pp. 5–7] While Ross offers new allegations concerning the lack of accountability in the mail system and the fact that inmates can accept each other's mail, his charges are far too vague and speculative to meet his burden with respect to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010).

Accordingly, it is hereby **ORDERED** as follows:

1. Defendant Ross' motion for disqualification or recusal [Record No. 111] is **DENIED**.

2.     Defendant Ross' "Motion to Reconsider Petition for Sentence Reduction Under § 3582(c)(2)" [Record No. 112], which is construed as a motion for reconsideration of the Court's November 6, 2015, Memorandum Opinion and Order [Record No. 110], is **DENIED**.

3.     To the extent Ross requests reconsideration of the Court's November 18, 2014, Memorandum Opinion and Order [Record No. 98] concerning his motion for a sentence reduction, his motion is **DENIED**.

This 22nd day of December, 2015.

Signed By:
*Danny C. Reeves*   DCR
United States District Judge